IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

WARREN HURD,

                              Plaintiff,          Civil Action No.
                                                  9:11-CV-1388 (MAD/DEP)

        v.

MS. PORTER, Mental Health Doctor,
Mid-State Correctional Facility; *et al.*,

                              Defendants.
_____

<u>APPEARANCES</u>:                              <u>OF COUNSEL</u>:

<u>FOR PLAINTIFF</u>:

WARREN HURD, *Pro Se*
10-B-1548
Coxsackie Correctional Facility
P.O. Box 999
Coxsackie, NY 12051

<u>FOR DEFENDANTS</u>:

HON. ERIC T. SCHNEIDERMAN          RICHARD LOMBARDO, ESQ.
New York State Attorney General    Assistant Attorney General
The Capitol
Albany, NY 12224

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

<u>REPORT AND RECOMMENDATION</u>

*Pro se* plaintiff Warren Hurd, a former New York State prison inmate, and whose whereabouts are not currently known to the court, has commenced this action *in forma pauperis* against two mental health professionals employed at the prison facility in which he was confined at all relevant times, pursuant 42 U.S.C. § 1983, alleging the deprivation of his civil rights. In his complaint, plaintiff asserts a deliberate medical indifference claim arising from allegations that the defendants discontinued his sleeping medication and failed to provide adequate mental health care during his confinement at the Mid-State Correctional Facility in 2010 and 2011.

Currently pending before the court is a motion to dismiss the action brought by the defendants based on plaintiff's failure to notify the court of a change of address pursuant to the local rules of practice for this court. For the reasons set forth below, I recommend that defendants' motion be granted.

I.    <u>BACKGROUND</u>

Plaintiff commenced this action on November 25, 2011, and subsequently filed an amended complaint on January 30, 2012. Dkt. Nos. 1, 5. Following the joinder of issue and the close of discovery, defendants

moved for summary judgment, arguing that plaintiff's claims are precluded based upon his failure to exhaust available administrative remedies before commencing suit. Dkt. No. 28. Plaintiff failed to respond to that motion. On October 29, 2013, I issued a report recommending that defendants' motion for summary judgment be denied without prejudice to renewal. Dkt. No. 31. A copy of that report and recommendation was mailed to the plaintiff but was returned to the court on November 4, 2013, as undeliverable with a notation "released 3-8-13." Dkt. No. 32.

On December 20, 2013, defendants moved to dismiss plaintiff's complaint based upon his failure to notify the court and defendants of his change of address.[1] Dkt. No. 33. Upon the filing of that motion, the court set a deadline of January 6, 2014, for the filing of any response by plaintiff in opposition. *Id.* Although that deadline has now passed, the court has received no opposition from or on behalf of plaintiff. *See generally* Docket Sheet. Defendants' dismissal motion, which is now ripe for determination, has been referred to me for the issuance of a report and recommendation,

---

[1] Defendants' motion was filed on December 20, 2013, several months after the deadline for filing dispositive motions expired. Nonetheless, in the interest of justice, and upon finding good cause, I recommend that the motion be entertained, noting that the failure to comply with the address-change requirements of this court's local rules would permit the court to address the issue *sua sponte*. N.D.N.Y. L.R. 41.2.

pursuant to 28 U.S.C. §§ 636(b)(1)(B) and Northern District of New York Local Rule 72.3(c).  *See* Fed. R. Civ. P. 72(b).

II.   DISCUSSION

In support of their motion, defendants argue that plaintiff's complaint should be dismissed because rule 10.1(c)(2) of the local rules of practice for this court provide that "***pro se* litigants must immediately notify the Court of any change of address.**"  N.D.N.Y. L.R. 10.1(c)(2) (emphasis in original).  Additionally, defendants contend that dismissal is appropriate because District Judge Mae A. D'Agostino, in an order dated February 16, 2012, directed that plaintiff

> **promptly notify the Clerk's office and opposing counsel (in writing) of any change in his address; his failure to do so will result in the dismissal of this action.**

Dkt. No. 6 at 4 (emphasis in original).

As an initial matter, under local rule 7.1(b)(3), plaintiff has effectively consented to the granting of defendants' motion.  That rule provides as follows:

> Where a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein, the non-moving party's failure to file or serve any papers as this Rule requires shall be deemed as consent to the granting or denial of the motion, as the case may be, unless good cause

is shown.

N.D.N.Y. L.R. 7.1(b)(3).  In this case, plaintiff has not responded to defendants' motion; the motion was properly filed by the defendants; and defendants, through their motion, have met their burden of demonstrating entitlement to the relief requested.  With respect to the third inquiry (*i.e.*, whether defendants have met their burden), defendants' "burden of persuasion is lightened such that, in order to succeed, [their] motion need only be 'facially meritorious.'"  *See Rodriguez v. Goord*, No. 04-CV-0358, 2007 WL 4246443, at *1 (Scullin, J., *adopting report and recommendation by* Lowe, M.J.) (finding that whether a movant has met its burden to demonstrate entitlement to a dismissal under local rule 7.1(b)(3) "is a more limited endeavor than a review of a contested motion to dismiss" (citing cases)).[2]  Because defendants have accurately cited proper legal authority for the basis of their motion, and plaintiff has, indeed, failed to respond in opposition to their motion to dismiss, I find that defendants' motion is facially meritorious.  Accordingly, I recommend that the court grant defendants' motion to dismiss on this basis.

---

[2]    All unreported decisions cited to in this report have been appended for the convenience of the *pro se* litigant.

Even assuming, however, that defendants have not met their burden on their motion to dismiss, the court is authorized to dismiss plaintiff's complaint under the circumstances now presented. Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, order dismissal of an action based on a plaintiff's failure to comply with an order of the court.[3] Fed. R. Civ. P. 41(b); *Rodriguez*, 2007 WL 4246443, at *2. That discretion should be exercised when necessary to "achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *Williams v. Faulkner*, No. 95-CV-0741, 1998 WL 278288, at *2 (N.D.N.Y. May 20, 1998) (Pooler, J., *adopting report and recommendation by* Scanlon, M.J.); *Moshier v. Trabout*, No. 96-CV-1666, 1998 WL 167298, at *1 (N.D.N.Y. Apr. 2, 1998) (Pooler, J. *adopting report and recommendation by* Hurd, M.J.).

As was previously noted, in this case, Judge D'Agostino issued an order, on February 6, 2012, that directed plaintiff to promptly notify the court of any change to his address. Dkt. No. 6 at 4. That order is

---

[3]  Although Rule 41(b) grants a defendant leave to move for dismissal based on a plaintiff's failure to prosecute or comply with a court order (rather than grant the court explicit authority to dismiss *sua sponte*), "courts [also] retain the 'inherent power' to *sua sponte* 'clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief.'" *Rodriguez*, 2007 WL 4246443, at *2 (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)). Indeed, the local rules of this court recognize this authority, and mandate that the court exercise it under certain circumstances. *See*, *e.g.*, N.D.N.Y. L.R. 41.2(a).

reinforced by local rule 10.1(c)(2), which provides that "[a]ll . . . *pro se* litigants must immediately notify the Court of any change of address." N.D.N.Y. L.R. 10.1(c)(2) (emphasis omitted).  In this respect, one court in this district has noted that

> [i]t is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions.  It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail.  In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries.  Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany Cnty. Corr. Facility*, No. 95-CV-1525, 1996 WL 172699, at *1 (N.D.N.Y. Apr. 10, 1996) (Pooler, J.) (quotation marks omitted).

The court has not received any communication from plaintiff in this matter since January 30, 2012, when he filed a change of address with the court, indicating that he was aware of his obligation to notify the court and his adversaries of such change.  Dkt. No. 26.  Since that time, the court and defendants have been unable to reach him.  *See, e.g.,* Dkt. Nos. 32, Dkt. No. 33-1 at ¶ 3.  According to the declaration of Sethann Bogardus, the Inmate Records Coordinator at Coxsackie Correctional Facility (the place of plaintiff's last known location), plaintiff was released from the

custody of the New York State Department of Corrections and Community Supervision on March 8, 2013. Dkt. No. 33-2 at ¶¶ 2, 3. In light of plaintiff's failure to notify the court or defendant's counsel of his new address, which violates both a court order and local rules of this court, I recommend that the action be dismissed.[4]

## III.   SUMMARY AND RECOMMENDATION

Plaintiff has not communicated with the court regarding this action in nearly a year. His failure to notify the court with an updated address following his release from prison violates both orders issued in this matter by Judge D'Agostino, as well as local rules of practice for this court. Quite obviously, the action cannot proceed without plaintiff's participation. Accordingly, it is hereby respectfully

RECOMMENDED that defendants' motion to dismiss, Dkt. No. 33, be GRANTED.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed

---

[4]     Courts in this district routinely dismiss actions where *pro se* litigants fail to update the court with changes to their address in violation of court orders and local rules of practice. *See, e.g., McGrail v. Superintendent, Collins Corr. Facility*, No. 08-CV-0111, 2012 WL 205809, at *2 (N.D.N.Y. Jan. 24, 2012) (Sharpe, J.) ("McGrail's failure to provide this court with a change of address warrants dismissal."); *Rodriguez*, 2007 WL 4246443, at *1 (dismissing the action, *inter alia*, pursuant to local rule 41.2(b), which provides for dismissal of an action where a plaintiff fails to notice to court of a change of address); *see also Dansby*, 1996 WL 172699, at *1 ("This matter cannot proceed without Dansby . . . notifying the court of his current address.")

with the clerk of the court within FOURTEEN days of service of this report.

FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE

APPELLATE REVIEW.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P.  6(a), 6(d),

72; *Roldan v. Racette,* 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this

report and recommendation upon the parties in accordance with this

court's local rules.

Dated:       January  8, 2013
             Syracuse, New York

David E. Peebles
U.S. Magistrate Judge

Not Reported in F.Supp.2d, 2007 WL 4246443 (N.D.N.Y.)

(Cite as: 2007 WL 4246443 (N.D.N.Y.))



Only the Westlaw citation is currently available.
United States District Court,

N.D. New York.
Jose RODRIGUEZ, Plaintiff,
v.
Glen S. GOORD, et al, Defendants.
No. 9:04-CV-0358 (FJS/GHL).

Nov. 27, 2007.
Jose Rodriguez, Willard, NY, pro se.

Andrew M. Cuomo, Attorney General of the State of New York, David L. Cochran, Esq., Assistant Attorney General, of Counsel, Albany, NY, for Defendants.

### DECISION AND ORDER

FREDERICK J. SCULLIN, Senior District Judge.

*1 The above-captioned matter having been presented to me by the Report-Recommendation of Magistrate Judge George H. Lowe filed November 6, 2007, and the Court having reviewed the Report-Recommendation and the entire file in this matter, and no objections to said Report-Recommendation having been filed, the Court hereby

ORDERS, that Magistrate Judge Lowe's November 6, 2007 Report-Recommendation is ACCEPTED in its entirety for the reasons stated therein; and the Court further

ORDERS, that Defendants' motion, pursuant to Local Rule 41.2(b), to dismiss for Plaintiff's failure to provide notice to the Court of a change of address, is GRANTED; and the Court further

ORDERS, that the Clerk of the Court enter judgment in favor of the Defendants and close this case.

**IT IS SO ORDERED.**

### REPORT-RECOMMENDATION

GEORGE H. LOWE, United States Magistrate Judge.

This *pro se* prisoner civil rights action, filed pursuant to 42 U.S.C. § 1983, has been referred to me for Report and Recommendation by the Honorable Frederick J. Scullin, Jr., Senior United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c) of the Local Rules of Practice for this Court. Generally, Jose Rodriguez ("Plaintiff") alleges that, while he was an inmate at Oneida Correctional Facility in 2003 and 2004, ten employees of the New York State Department of Correctional Services ("Defendants") were deliberately indifferent to his serious medical needs, and subjected him to cruel and unusual prison conditions, in violation of the Eighth Amendment. (Dkt. No. 27 [Plf.'s Am. Compl.].) Currently pending is Defendants' motion to dismiss for failure to provide notice to the Court of a change of address, pursuant to Local Rule 41.2(b) of the Local Rules of Practice for this Court. (Dkt. No. 86.) Plaintiff has not opposed the motion, despite having been given more than six weeks in which to do so. Under the circumstances, I recommend that (1) Defendants' motion to dismiss be granted, and (2) in the alternative, the Court exercise its inherent authority to *sua sponte* dismiss Plaintiff's Amended Complaint for failure to prosecute and/or failure to comply with an Order of the Court.

### I. DEFENDANTS' MOTION TO DISMISS

Under the Local Rules of Practice for this Court, Plaintiff has effectively "consented" to the granting of Defendants' motion to dismiss, since (1) he failed to oppose the motion, (2) the motion was properly filed, and (3) Defendants have, through the motion, met their burden of demonstrating entitlement to the relief requested in the motion. L.R. 7.1(b)(3).

In particular, with regard to this last factor (i.e., that Defendants have met their burden of demonstrating entitlement to the relief requested), Defendants argue that their motion to dismiss should be granted because (1) Local Rule 41.2(b) provides that "[f]ailure to notify the Court of a change of address in accordance with [Local Rule] 10.1(b) may result in the dismissal of any pending

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2007 WL 4246443 (N.D.N.Y.)

(Cite as: 2007 WL 4246443 (N.D.N.Y.))

action," (2) on April 15, 2004, Plaintiff was specifically advised of this rule when (through Dkt. No. 5, at 4) the Court advised Plaintiff that "his failure to [promptly notify the Clerk's Office and all parties or their counsel of any change in his address] will result in the dismissal of his action," (3) on May 22, 2007, Plaintiff was released from the Willard Drug Treatment Center, (4) since that time, Plaintiff has failed to provide notice to the Court (or Defendants) of his new address, as required by Local Rule 10.1(b)(2), and (5) as a result of this failure, Defendants have been prejudiced in that they have been unable to contact Plaintiff in connection with this litigation (e.g., in order to depose him, as authorized by the Court on May 4, 2007). (Dkt. No. 86, Part 4, at 1-2 [Defs.' Mem. of Law].)

**\*2** Authority exists suggesting that an inquiry into the third factor (i.e., whether a movant has met its "burden to demonstrate entitlement" to dismissal under Local Rule 7.1[b][3] ) is a more limited endeavor than a review of a contested motion to dismiss.[FN1] Specifically, under such an analysis, the movant's burden of persuasion is lightened such that, in order to succeed, his motion need only be "facially meritorious." [FN2] Given that Defendants accurately cite the law and facts in their memorandum of law, I find that they have met their lightened burden on their unopposed motion. Moreover, I am confident that I would reach the same conclusion even if their motion were contested.

> FN1. *See, e.g., Hernandez v. Nash,* 00-CV-1564, 2003 U.S. Dist. LEXIS 16258, at \*7-8, 2003 WL 22143709 (N.D.N.Y. Sept. 10, 2003) (Sharpe, M.J.) (before an unopposed motion to dismiss may be granted under Local Rule 7.1[b][3], "the court must review the motion to determine whether it is *facially meritorious*") [emphasis added; citations omitted]; *Race Safe Sys. v. Indy Racing League,* 251 F.Supp.2d 1106, 1109-10 (N.D.N.Y.2003)* (Munson, J.) (reviewing whether record contradicted defendant's arguments, and whether record supported plaintiff's claims, in deciding unopposed motion to dismiss, under Local Rule 7.1[b][3] ); *see also Wilmer v. Torian,* 96-CV-1269, 1997 U.S. Dist. LEXIS 16345, at \*2 (N.D.N.Y. Aug. 29, 1997) (Hurd, M.J.) (applying prior version of Rule 7.1

[b][3], but recommending dismissal because of plaintiff's failure to respond to motion to dismiss *and* the reasons set forth in defendants' motion papers), *adopted by* 1997 U.S. Dist. LEXIS 16340, at \*2 (N.D.N.Y. Oct. 14, 1997) (Pooler, J.); *accord, Carter v. Superintendent Montello,* 95-CV-0989, 1996 U.S. Dist. LEXIS 15072, at \*3 (N.D.N.Y. Aug. 27, 1996) (Hurd, J.), *adopted by* 983 F.Supp. 595 (N.D.N.Y.1996) (Pooler, J.).

> FN2. *See, e.g., Hernandez,* 2003 U.S. Dist. LEXIS 1625 at \*8.

For these reasons, I recommend that the Court grant Defendants' motion to dismiss.

## II. *SUA SPONTE* DISMISSAL

Even if Defendants have not met their burden on their motion to dismiss, the Court possesses the inherent authority to dismiss Plaintiff's Amended Complaint *sua sponte* under the circumstances. Rule 41 of the Federal Rules of Civil Procedure permits a defendant to move to dismiss a proceeding for (1) failure to prosecute the action and/or (2) failure to comply with the Federal Rules of Civil Procedure or an Order of the Court. Fed.R.Civ.P. 41(b).[FN3] However, it has long been recognized that, despite Rule 41 (which speaks only of a *motion* to dismiss on the referenced grounds, and not a *sua sponte* order of dismissal on those grounds), courts retain the "inherent power" to *sua sponte* "clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *see also Saylor v. Bastedo,* 623 F.2d 230, 238 (2d Cir.1980); *Theilmann v. Rutland Hospital, Inc.,* 455 F.2d 853, 855 (2d Cir.1972). Indeed, Local Rule 41.2(a) not only recognizes this authority but *requires* that it be exercised in appropriate circumstances. *See* N.D.N.Y. L.R. 41.2(a) ("Whenever it appears that the plaintiff has failed to prosecute an action or proceeding diligently, the assigned judge *shall* order it dismissed.") [emphasis added].

> FN3. Fed.R.Civ.P. 41(b) (providing, in pertinent part, that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any

Not Reported in F.Supp.2d, 2007 WL 4246443 (N.D.N.Y.)

(Cite as: 2007 WL 4246443 (N.D.N.Y.))

order of court, a defendant may move for dismissal of an action or of any claim against the defendant").

## A. Failure to Prosecute

With regard to the first ground for dismissal (a failure to prosecute the action), it is within the trial judge's sound discretion to dismiss for want of prosecution.[FN4] The Second Circuit has identified five factors that it considers when reviewing a district court's order to dismiss an action for failure to prosecute:

FN4. *See Merker v. Rice,* 649 F.2d 171, 173 (2d Cir.1981).

[1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.[FN5]

FN5. *See Shannon v. GE Co.,* 186 F.3d 186, 193 (2d Cir.1999) (affirming Rule 41[b] dismissal of plaintiff's claims by U.S. District Court for Northern District of New York based on plaintiff's failure to prosecute the action) [citation and internal quotation marks omitted].

**\*3** As a general rule, no single one of these five factors is dispositive.[FN6] However, I note that, with regard to the first factor, Rule 41.2 of the Local Rules of Practice for this Court provides that a "plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution." N.D.N.Y. L.R. 41.2(a). In addition, I note that a party's failure to keep the Clerk's Office apprised of his or her current address may also constitute grounds for dismissal under Rule 41(b) of the Federal Rules of Civil Procedure.[FN7]

FN6. *See Nita v. Conn. Dep't of Env. Protection,* 16 F.3d 482 (2d Cir.1994).

FN7. *See, e.g., Robinson v. Middaugh,* 95-CV-0836, 1997 U.S. Dist. LEXIS 13929, at *2-3, 1997 WL 567961 (N.D.N.Y. Sept. 11, 1997) (Pooler, J.) (dismissing action under Fed.R.Civ.P. 41[b] where plaintiff failed to inform the Clerk of his change of address despite having been previously ordered by Court to keep the Clerk advised of such a change); *see also* N.D.N.Y. L.R. 41.2(b) ("Failure to notify the Court of a change of address in accordance with [Local Rule] 10.1(b) may result in the dismissal of any pending action.").

Here, I find that, under the circumstances, the above-described factors weigh in favor of dismissal. The duration of Plaintiff's failure is some six-and-a-half months, i.e., since April 22, 2007, the date of the last document that Plaintiff attempted to file with the Court (Dkt. No. 85). Plaintiff received adequate notice (e.g., through the Court's above-referenced Order of April 15, 2004, and Defendants' motion to dismiss) that his failure to litigate this action (e.g., through providing a current address) would result in dismissal. Defendants are likely to be prejudiced by further delays in this proceeding, since they have been waiting to take Plaintiff's deposition since May 4, 2007. (Dkt. No. 84.) I find that the need to alleviate congestion on the Court's docket outweighs Plaintiff's right to receive a further chance to be heard in this action.[FN8] Finally, I have considered all less-drastic sanctions and rejected them, largely because they would be futile under the circumstances (e.g., an Order warning or chastising Plaintiff may very well not reach him, due to his failure to provide a current address).

FN8. It is cases like this one that delay the resolution of other cases, and that contribute to the Second Circuit's dubious distinction as having (among the twelve circuits, including the D.C. Circuit) the longest median time to disposition for prisoner civil rights cases, between 2000 and 2005 (9.8 months, as compared to a national average of 5.7 months). Simply stated, I am unable to afford Plaintiff with further special solicitude without impermissibly burdening the Court and unfairly tipping the scales of justice against Defendant.

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2007 WL 4246443 (N.D.N.Y.)

(Cite as: 2007 WL 4246443 (N.D.N.Y.))

**B. Failure to Comply with Order of Court**

With regard to the second ground for dismissal (a failure to comply with an Order of the Court), the legal standard governing such a dismissal is very similar to the legal standard governing a dismissal for failure to prosecute. "Dismissal ... for failure to comply with an order of the court is a matter committed to the discretion of the district court." [FN9] The correctness of a dismissal for failure to comply with an order of the court is determined in light of five factors:

FN9. *Alvarez v. Simmons Market Research Bureau, Inc.,* 839 F.2d 930, 932 (2d Cir.1988) [citations omitted].

(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in a dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.[FN10]

FN10. *Lucas v. Miles,* 84 F.3d 532, 535 (2d Cir.1996) [citations omitted].

Here, I find that, under the circumstances, the above-described factors weigh in favor of dismissal for the same reasons as described above in Part II.A. of this Report-Recommendation. I note that the Order that Plaintiff has violated is the Court's Order of April 15, 2004, wherein the Court ordered Plaintiff, *inter alia,* to keep the Clerk's Office apprised of his current address. (Dkt. No. 5, at 4.) Specifically, the Court advised plaintiff that *"[p]laintiff is also required to promptly notify the Clerk's Office and all parties or their counsel of any change in plaintiff's address; his failure to do same will result in the dismissal of this action."* (*Id.*) I note also that, on numerous previous occasions in this action, Plaintiff violated this Order, resulting in delays in the action. (*See* Dkt. Nos. 47, 48, 49, 50, 54, 59, 72, 78, 79 & Dkt. Entry for 12/15/06 [indicating that mail from the Court to Plaintiff was returned as undeliverable.])

**\*4** As a result, I recommend that, should the Court decide to deny Defendants' motion to dismiss, the Court exercise its authority to dismiss Plaintiff's Amended Complaint *sua sponte* for failure to prosecute and/or failure to comply with an Order of the Court.

**ACCORDINGLY,** for the reasons stated above, it is

**RECOMMENDED** that Defendants' motion to dismiss (Dkt. No. 86) be **GRANTED%;** and it is further

**RECOMMENDED** that, in the alternative, the Court exercise its inherent authority to **SUA SPONTE DISMISS** Plaintiff's Amended Complaint for failure to prosecute and/or failure to comply with an Order of the Court.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir.1993) (citing *Small v. Sec'y of Health and Human Servs.,* 892 F.2d 15 [2d Cir.1989] ); 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72, 6(a), 6(e)..

N.D.N.Y.,2007.

Rodriguez v. Goord
Not Reported in F.Supp.2d, 2007 WL 4246443 (N.D.N.Y.)
END OF DOCUMENT

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.


Not Reported in F.Supp., 1998 WL 278288 (N.D.N.Y.)

(Cite as: 1998 WL 278288 (N.D.N.Y.))

C

Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Larry WILLIAMS, Plaintiff,
v.
Faulkner, Capt., Clinton Correctional Facility; R. Carey,
Lieutenant, Clinton Correctional Facility; D.A.
Senkowski, Superintendent; Wright, Sergeant, Clinton
Correctional Facility; Philip Coombe; Elson,
Correctional Officer; R.J. Mahuta, Correctional Officer,
Defendants.
No. 95–CV–741 (RSP/DS).

May 20, 1998.

Larry Williams, Southport Correctional Facility, Pine
City, for Plaintiff, pro se.

Dennis C. Vacco, New York Attorney General, Attorney
for Defendants, Albany, David Fruchter, Esq., Assistant
Attorney General, of Counsel.

ORDER

POOLER, D.J.

*1 Plaintiff, Larry Williams, alleges defendants
violated his rights under the First, Eighth, and Fourteenth
Amendments and the Religious Freedom Restoration Act
by confiscating and destroying his Islamic flag and other
items. Compl., Dkt. No. 1, ¶ II. Defendants moved for
summary judgment on August 24, 1995. Dkt. No. 13.
Williams moved to amend the complaint and for
appointment of counsel. Dkt. No. 15. By order and
report-recommendation dated January 3, 1996, Magistrate
Judge Daniel Scanlon recommended I grant defendants'
motion for summary judgment and deny Williams's
motions. Dkt. No. 21. On January 8, 1996, after having
mailed a copy of this order to the parties, the Clerk's Office
received notice from Williams of a change in his address.
Dkt. No. 22. Assuming that Williams had not received a
copy of the report-recommendation due to this change, on
September 16, 1997, the Court mailed another copy of the
report-recommendation to Williams at his new address.
Dkt. No. 24. On September 18, 1997, this mailing was
returned to the court as undeliverable and marked "return
to sender—released 4/21/97."

In a report-recommendation filed April 24, 1998, the
magistrate judge recommended I dismiss this action
pursuant to Local Rule 41.2(b) due to Williams's failure to
keep the Court apprised of his most recent address and
deny defendants' summary judgment motion as moot. Dkt.
No. 26. After carefully reviewing the
report-recommendation and the entire file herein, I
conclude that the magistrate judge's recommendation is
not clearly erroneous. It is therefore

ORDERED that the report-recommendation is
adopted, this action dismissed, and defendants' summary
judgment motion denied as moot.

SCANLON, Magistrate J.

ORDER and REPORT–RECOMMENDATION
The complaint in this civil rights matter was filed May
30, 1995.
Plaintiff alleges violation of his rights under the First,
Eighth and Fourteenth Amendments and the Religious
Freedom Restoration Act when his Islamic flag and other
items were confiscated and destroyed.

Plaintiff seeks declaratory, compensatory and punitive
damages.

*Background:*

Defendants filed a Motion for Summary Judgment on
August 24, 1995 (dkt.13). Plaintiff filed a motion on
September 28, 1995, to Amend the Complaint and for
Appointment of Counsel (dkt.15), and opposition to
defendants' motion.
By Order and Report–Recommendation of January 3,
1996, the undersigned denied plaintiff's Motion to Amend
and Appointment of Counsel request, and recommended
that defendants' Motion for Summary Judgment be
granted.

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp., 1998 WL 278288 (N.D.N.Y.)

(Cite as: 1998 WL 278288 (N.D.N.Y.))

A copy of such Order and Report–Recommendation was mailed to the parties on January 3, 1996. Plaintiff's change of address was received January 8, 1996, advising the court of his address change to Southport Correctional Facility, P.O. Box 2000, Pine City, N.Y. 14871.

By the Court's letter, mailed certified/return receipt, to plaintiff of September 16, 1997 he was advised that the Order and Report–Recommendation was mailed to the parties five days prior to his change of address receipt by the court. Therefore, the court assumed that plaintiff did not receive a copy of the Order and Report–Recommendation and re-served same with the letter. Plaintiff was given ten (10) days from the receipt of the court's letter to file any objections to this Magistrate Judge's Order and Report–Recommendation. On September 18, 1997, this mailing was returned to the Court as undeliverable to plaintiff at such address with the notation "return to sender—released 4/21/97".

Discussion:

**\*2** Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may at its discretion dismiss an action based upon the failure of a plaintiff to prosecute an action or comply with any order of the court. *Link v. Wabash Railroad County Independent School District,* 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). This power to dismiss may be exercised when necessary to achieve orderly and expeditious disposition of cases. See *Rodriguez v. Walsh,* 1994 U.S. Dist. LEXIS 278 (S.D.N.Y. January 13, 1994) (citations omitted).

Moreover, a plaintiff has the duty to inform the court of any address change. As this district recently stated:

It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany County Correctional Facility,* 95–CV–1515, 1996 WL 172699,\*1 (Apr. 10, 1996)(quoting *Perkins v. King,* 84–3310 slip op. at 4 (5th Cir. May 19, 1985)(other citations omitted); see *generally* Rule 41.2(b) of the Local Rules of Practice for the Northern District of New York.

Upon recent inquiry of the Attorney General's office of the current Assistant Attorney General handling this matter, we were advised the current Asst. Attorney General is David Fruchter, Esq. WHEREFORE, it is,

ORDERED, that the clerk amend the name of the defendants' counsel in this matter to David Fruchter, Esq., and since this matter cannot proceed without notification to the court by plaintiff of a current and valid address, and plaintiff having failed to do so, it is hereby,

RECOMMENDED, that defendants' motion for summary judgment, (dkt.13) be deemed moot, and it is,

RECOMMENDED, that this action be dismissed, pursuant to Local Rule 41.2(b) (dismissal of action appropriate where plaintiff fails to notify the court of change of address, by order of the Hon. Rosemary S. Pooler, United States District Judge.

The Clerk is directed to forward this Order and Report–Recommendation to the Hon. Rosemary S. Pooler, without waiting the normal ten (10) day period [FN1] for opposition to this Recommendation.

FN1. The most recent address for plaintiff is inadequate for the court's use. The court's latest correspondence to plaintiff at the Southport Correctional Facility was returned as noted in the above Order and Report–Recommendation.

N.D.N.Y.,1998.

Williams v. Faulkner
Not Reported in F.Supp., 1998 WL 278288 (N.D.N.Y.)
END OF DOCUMENT

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp., 1998 WL 278288 (N.D.N.Y.)

(Cite as: 1998 WL 278288 (N.D.N.Y.))

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.



Not Reported in F.Supp., 1998 WL 167298 (N.D.N.Y.)

(Cite as: 1998 WL 167298 (N.D.N.Y.))

C

Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Donald L. MOSHIER, Jr. Plaintiff,
v.
Marshall TRABOUT, Dr., M.D., Health Services
Director at Cayuga Correctional Facility; Jack Keiser,
M.D.; Patrick Buttarazzi, M.D., Defendants.
No. 96–CV–1666 (RSP/DNH).

April 2, 1998.
Donald L. Moshier, Jr., Oneida Correctional Facility,
Rome, for Plaintiff, Pro Se.

Dennis C. Vacco, New York State Attorney General,
Attorneys for Defendants, State of New York, Albany,
Gregory J. Rodriguez, Esq., Assistant Attorney General,
of Counsel.

ORDER

POOLER, D.J.

**\*1** The above matter comes to me following an order
and report-recommendation by Magistrate Judge David N.
Hurd, duly filed on the 6th day of March, 1998. Dkt. No.
18. Following ten days from the service thereof, the clerk
has sent me the entire file, including any and all
objections. No party filed objections.

The magistrate judge recommended that I dismiss
Moshier's lawsuit because he has failed to inform the court
of his current address. Several documents sent to plaintiff
have been returned as undeliverable, including a copy of
the March 6, 1998, report-recommendation. *See* Dkt. No.
19. As the magistrate judge correctly noted, I advised
Moshier in a previous order of his duty to inform the court
of any address change and the consequences of his failure
to do so. Dkt. No. 6 at 7. In addition, plaintiff in the past
has demonstrated his ability to inform the court of an
address change. *See* Dkt. Nos. 4 & 5. Because Moshier
has failed to comply with this requirement, I dismiss the
complaint pursuant to Local Rule 41.2(b).

Therefore, after reviewing the entire file in this
matter, it is

ORDERED that the report-recommendation is
approved, and

ORDERED that the complaint is dismissed pursuant
to Local Rule 41 .2(b), and it is further

ORDERED that the clerk serve a copy of this order
upon the parties by regular mail.

IT IS SO ORDERED.

HURD, Magistrate J.

ORDER and REPORT–RECOMMENDATION
*I. Background*
    This civil rights action was commenced by the
plaintiff on October 15, 1996.
    On September 8, 1997, the undersigned issued a
Pretrial Scheduling Order regarding this action, which
Order was thereafter served on the parties hereto by
regular mail. On September 11, 1997, such Order, which
was mailed to plaintiff's last known residence, was
returned to the Court as undeliverable to plaintiff at such
address, marked "Return to Sender. Released." *See* docket
no. 16. Since that time, other correspondence that has been
sent to plaintiff from the Clerk's office relating to this
action has been similarly returned to the Court as
undeliverable to plaintiff at his last known address. S*ee*
docket no. 17.

*II. Discussion*

Rule 41(b) of the Federal Rules of Civil Procedure
provides that a court may, in its discretion, dismiss an
action based upon the failure of a plaintiff to prosecute an
action or comply with any order of the court. *Link v.
Wabash Railroad County Independent School District,
370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)*. This
power to dismiss may be exercised when necessary to

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp., 1998 WL 167298 (N.D.N.Y.)

(Cite as: 1998 WL 167298 (N.D.N.Y.))

achieve orderly and expeditious disposition of cases. *See Freeman v. Lundrigan,* No. 95–CV–1190, 1996 WL 481534, *1 (N.D.N.Y., Aug. 22, 1996) (Pooler, J.) (citing *Rodriguez v. Walsh,* No. 92–Civ–3398, 1994 WL 9688, *1 (S.D.N.Y., Jan.14, 1994) (other citations omitted)).

Moreover, a plaintiff has the duty to inform the court of any address changes. As Judge Pooler has stated:

It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

**\*2** *Dansby v. Albany Cty. Corr. Facility,* No. 95–CV–1525, 1996 WL 172699, *1 (Apr. 10, 1996) (quoting *Perkins v. King,* No. 84–3310, slip op. at 4 (5th Cir. May 19, 1985) (other citations omitted)); *see generally* Rule 41.2(b) of the Local Rules of Practice for the Northern District of New York.

Additionally, plaintiff was previously advised by District Judge Rosemary S. Pooler that plaintiff was required to promptly notify the Clerk's Office of any change in his address, and that his failure to keep such office apprised of his current address would result in the dismissal of the instant action. See docket no. 6 at 7.

This matter cannot proceed without notification to the Court by the plaintiff of his current address. Therefore, the undersigned recommends that this action be dismissed pursuant to Local Rule 41.2(b).

WHEREFORE, based upon the above, it is hereby

RECOMMENDED, that this action be dismissed pursuant to Local Rule 41.2(b) (dismissal of action appropriate where plaintiff fails to notify Court of change of address), and it is further

ORDERED, that the Clerk serve a copy of this Order on the plaintiff by regular mail.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have ten (10) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. *FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW. Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir.1993) (citing *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir.1989)); 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 6(a), 6(e) and 72.

IT IS SO ORDERED.

N.D.N.Y.,1998.

Moshier v. Trabout
Not Reported in F.Supp., 1998 WL 167298 (N.D.N.Y.)
END OF DOCUMENT

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp., 1996 WL 172699 (N.D.N.Y.)

(Cite as: 1996 WL 172699 (N.D.N.Y.))

**C**

Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Kevin DANSBY, Plaintiff,
v.
ALBANY COUNTY CORRECTIONAL FACILITY
STAFF, Defendant.
No. 95-CV-1525 (RSP/RWS).

April 10, 1996.
Kevin Dansby pro se.

*ORDER*

POOLER, District Judge.

**\*1** In an order and report-recommendation dated December 8, 1995, Magistrate Judge Smith noted that Dansby had not signed the complaint he filed to commence this action. Magistrate Judge Smith directed Dansby to submit an affidavit which contained all of the representations delineated in Fed.R.Civ.P. 11(b) with respect to his complaint. The magistrate judge recommended dismissal of Dansby's action if Dansby failed to comply with the terms of the report-recommendation within forty-five (45) days from the date of the service.

On December 12, 1995, a copy of the report-recommendation was served on Dansby by regular mail to his last known address, the Albany County Jail. On December 22, 1995, the jail returned the report-recommendation marked "Return to Sender -- No Forwarding Order on File."

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute an action or comply with any order of the court. *Link v. Wabash R.R. Co.,* 370 U.S. 626, 629 (1962). The district court may exercise its discretion to dismiss when necessary to achieve orderly and expeditious disposition of cases. *See Rodriguez v. Walsh,* 1994 W.L. 9688, at \*1 (S.D.N.Y. 1994).

Moreover, a plaintiff has the duty to inform the Court of any address changes. As the Fifth Circuit has stated:

It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Perkins v. King,* No. 84-3310, slip op. at 4 (5th Cir. May 19, 1985) (citing *Williams v. New Orleans Public Service, Inc.,* 728 F.2d 730 (5th Cir. 1984); *Wilson v. Atwood Group,* 725 F.2d 255 (5th Cir. 1984) (en banc)); *see Wehlen v. Foti et al.,* 1987 W.L. 8039, at \*1-2 (E.D.La. 1987); *see generally* Rule 41.2(b) of the Local Rules of Practice for the Northern District of New York.

This matter cannot proceed without Dansby filing the affidavit described above or notifying the court of his current address. Therefore, it is hereby

ORDERED, that this action is dismissed. *See* Rules 5.4(b)(4) and 41.2(b) of the Local Rules of Practice for the Northern District of New York, and it is further

ORDERED, that the Clerk serve a copy of this Order on the plaintiff by regular mail at his last known address.

IT IS SO ORDERED.

N.D.N.Y.,1996.

Dansby v. Albany County Correctional Facility Staff
Not Reported in F.Supp., 1996 WL 172699 (N.D.N.Y.)
END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.



Not Reported in F.Supp.2d, 2012 WL 205809 (N.D.N.Y.)
**(Cite as: 2012 WL 205809 (N.D.N.Y.))**



Only the Westlaw citation is currently available.

United States District Court,
N.D. New York.
Richard McGRAIL, Petitioner,
v.
SUPERINTENDENT, COLLINS CORR.
FACILITY, Respondent.

No. 9:08–CV–111 (GLS/RFT).
Jan. 24, 2012.

Richard McGrail, Rome, NY, pro se.

Hon. Eric T. Schneiderman, New York State
Attorney General, Thomas B. Litsky, Esq., of
Counsel, New York, NY, for the Respondent.

### DECISION AND ORDER
GARY L. SHARPE, Chief Judge.

**\*1** The court cannot locate *pro se* petitioner,
Richard McGrail. Accordingly, it considers *sua
sponte* McGrail's noncompliance with this District's
Local Rules by failing to notify the court of his
current address and by not prosecuting his action.

On January 30, 2008, Richard McGrail filed a
petition for a writ of *habeas corpus* with the
Western District of New York and the case was
transferred to the Northern District of New York
under seal. *See Dkt. No.* 1. On March 28, 2008 an
order was issued granting the petitioner's *in forma
pauperis* application. At that time, he was advised
of his obligation to adhere to the Federal and Local
Rules even though he was a *pro se* litigant. *See Dkt.
No.* 5. However, the petitioner has not complied
with the portion of this order in regards to promptly
notifying the Clerk's Office and counsel of any
change in his address. This district has expended
considerable effort in order to familiarize *pro se*
litigants with those Rules by reminding them of
their obligations in various documents and orders
mailed to them, and by preparing a Pro Se

Handbook that is easily accessible. See
http://www.nynd.uscourts.gov. In fact, copies of the
Handbook have been provided to all prison libraries
in the Northern District.

In relevant part, Local Rule ("L.R.") 10.1(b)
provides:

**All ... pro se litigants must immediately notify
the court of any change of address.** The notice
of change of address is to be filed with the clerk
of the court and served on all other parties to the
action. The notice must identify each and every
action for which the notice shall apply ....
(emphasis in original).

In turn, L.R. 41.2(b) provides that the "[f]ailure
to notify the Court of a change of address in
accordance with L.R. 10.1(b) may result in the
dismissal of any pending action."

In fact, while this litigation has been pending,
McGrail has acknowledged this obligation on two
occasions by filing a notice of change of address.
*See Dkt. No. 9 and* 28.

L.R. 41.2(b) mirrors Rule 41(b) of the Federal
Rules of Civil Procedure, which affords the court
discretionary authority to dismiss an action because
of the failure to prosecute or to comply with any
order of the court. *Link v. Wabash R.R. County
Indep. Sch. Dist.,* 370 U.S. 626, 82 S.Ct. 1386, 8
L.Ed.2d 734 (1962); *see also, Lyell Theater Corp.
v. Loews Corp.,* 628 F.2d 37 (2d Cir.1982).

On November 14, 2011, the court issued a
Report–Recommendation recommending that the
petition for a writ of habeas be denied. That
because the Court finds Petitioner has not made a
substantial showing of the denial of a constitutional
right pursuant to 28 U.S.C. 2253(c)(2), no
certificate of appealability should issue with respect
to any of Petitioner's claims. *See Dkt. No.* 30. On
November 28, 2011, the court ascertained from
DOCCS Inmate Locator that the petitioner was

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

transferred to Mohawk Correctional Facility. A copy of the Report–Recommendation was sentenced to the petitioner at his new address. On December 7, 2011, the court further ascertained from DOCCS Inmate Locator that the petitioner was released on parole.

**\*2** On December 28, 2011, the Court issued an order directing McGrail to notify the court within fourteen days of his current address and/or verify that his mailing address as listed in the caption of this order. *See Dkt. No.* 31. The court warned McGrail that his failure to comply with the order could result in dismissal for failure to comply with L.R. 10.1(b) and 41.2(b). A copy of the order was sent to the last known address of the petitioner.

On January 3, 2012, McGrail's copy of the order was marked return to sender-Left No Forwarding Address, Paroled 12/7/11. See Dkt. No. 32.

For the orderly disposition of cases, it is essential that litigants honor their continuing obligation to keep the court informed of address changes. *Michaud v. Williams,* 98cv1141,1999 WL 33504430, at *1 (N.D.N.Y. Nov.5, 1999) (citing *Fenza v. Conklin,* 177 F.R.D. 126 (N.D.N.Y.1998) (Pooler, then D.J.). As Judge Pooler has observed:

It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties of their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany County Corr. Staff,* 95cv1525, 1996 WL 172699, *1 (N.D.N.Y.Ap.10, 1996)* (citations omitted)).

As a matter of course, courts in this district have dismissed actions when litigants have failed to abide by either the Local Rules or orders related to address changes, and have subsequently failed to prosecute their actions. *See Williams v. Faulkner,* 95cv741, 1998 WL 278288 (N.D.N.Y. May 20, 1998); *Dansby,* 1996 WL 172699, at, *1; *Fenza,* 177 F.R.D. at 126; *cf. Michaud,* 1999 WL 33504430, at *1.

McGrail's failure to provide this court with a change of address warrants dismissal. Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action for failure to prosecute.

The above-captioned matter comes to this court following a Report–Recommendation by Magistrate Judge Randolph F. Treece, duly filed November 14, 2011. Following ten days from the service thereof, the Clerk has sent the file, including any and all objections filed by the parties herein.

No objections having been filed, and the court having reviewed the Magistrate Judge's Report–Recommendation for clear error, it is hereby

**ORDERED,** that the Report–Recommendation of Magistrate Judge Randolph F. Treece filed November 14, 2011 (Dkt. No. 30) is ACCEPTED in its entirety for the reasons state therein, and it is further

**ORDERED** that McGrail's petition for writ of habeas corpus is denied and that because the Court finds Petitioner has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2), no certificate of appealability will be issued with respect to any of Petitioner's claims, See 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue .... only if the applicant has made a substantial showing of the denial of a constitutional right."); see also *Lucidore v. New York State Div. of Parole,* 209 F.3d 107,112

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2012 WL 205809 (N.D.N.Y.)
**(Cite as: 2012 WL 205809 (N.D.N.Y.))**

(2d Cir.2000), *cert. denied* 531 U.S.873 (2000) for the reasons articulated in the Report–Recommendation and Order and for failure to notify the court of his current address, failure to prosecute and for failure to comply with this court's December 28, 2011 order, and it is further

**\*3 ORDERED** that the Clerk of the Court serve copies of this Order to the parties at the addresses listed in the caption in accordance with the local rules; and it is further

**ORDERED** that the Clerk serve petitioner at his last known address.

**SO ORDERED.**

N.D.N.Y.,2012.
McGrail v. Superintendent, Collins Corr. Facility
Not Reported in F.Supp.2d, 2012 WL 205809 (N.D.N.Y.)

END OF DOCUMENT

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.