**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**WARREN HURD,**

                                  **Plaintiff,**

    vs.                                                                9:11-CV-1388
                                                                                (MAD/DEP)

**MS. PORTER, Mental Health Doctor, Mid-State
Correctional Facility, and MS. TUTTLELOT,
Mental Health, Mid-State Correctional Facility,**

                                  **Defendants.**
_____

**APPEARANCES:**                                     **OF COUNSEL:**

**WARREN HURD
10-B-1548**
Coxsackie Correctional Facility
Box 999
Coxsackie, New York 12051
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**           **DAVID L. COCHRAN, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      Plaintiff, a former New York State prison inmate, and whose whereabouts are not currently known to the Court, commenced this action against two mental health professionals employed at the prison facility in which he was confined, pursuant to 42 U.S.C. § 1983. *See* Dkt. No. 1. In his complaint, Plaintiff asserts a deliberate medical indifference claim arising from allegations that Defendants discontinued his sleeping medication and failed to provide adequate

mental health care during his confinement at Mid-State Correctional Facility in 2010 and 2011. *See* Dkt. Nos. 1 & 5.

On December 20, 2013, Defendants moved to dismiss Plaintiff's complaint based on his failure to notify the Court of a change of address pursuant to the Local Rules of Practice for the Northern District of New York. *See* Dkt. No. 33. Upon the filing of that motion, the Court set a deadline of January 6, 2014 for the filing of any response by Plaintiff in opposition. Plaintiff failed to respond in opposition to Defendants' motion.

On January 8, 2014, Magistrate Judge Peebles issued a Report and Recommendation in which he recommended that the Court grant Defendants' motion to dismiss. *See* Dkt. No. 34. Specifically, Magistrate Judge Peebles found that dismissal is appropriate pursuant to Local Rule 7.1(b)(3) because Defendants "have accurately cited proper legal authority for the basis of their motion to dismiss, and plaintiff has, indeed, failed to respond in opposition to their motion to dismiss[.]" *See id.* at 5. Moreover, Magistrate Judge Peebles found that, in the alternative, dismissal is appropriate pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Local Rule 10.1(c)(2) for Plaintiff's failure to notify the Court or Defendants' counsel of his new address, which violated both a court order and the Local Rules of this Court. *See id.* at 7-8. Neither party objected to Magistrate Judge Peebles Report and Recommendation.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16,

2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

Having carefully reviewed the January 8, 2014 Report and Recommendation, the Court finds that Magistrate Judge Peebles correctly determined that the Court should grant Defendants' motion to dismiss. Defendants established their entitlement to dismissal in their motion, and Plaintiff failed to respond. *See* N.D.N.Y. L.R. 7.1(b)(3). Alternatively, dismissal is appropriate pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Local Rule 10.1(c)(2) in light of Plaintiff's failure to notify the Court of his current address. The Court issued an Order on February 6, 2012 directing him to notify the Court of any change to his address. *See* Dkt. No. 6 at 4. The Court has not received any communication from Plaintiff in this matter since January 30,

2013 when he filed a change of address. *See* Dkt. No. 26. Since that time, the Court and Defendants have been unable to reach Plaintiff. *See* Dkt. Nos. 32 & 33-1. In light of Plaintiff's failure to notify the Court of his current address, which violates a Court order and the Local Rules, the Court finds that dismissal is appropriate. *See McGrail v. Superintendent, Collins Corr. Facility*, No. 9:08-CV-111, 2012 WL 205809, *2 (N.D.N.Y. Jan. 24, 2012) (holding that the plaintiff's "failure to provide this court with a change of address warrants dismissal").

Wherefore, the Court hereby

**ORDERS** that Magistrate Judge Peebles' January 8, 2014 Report and Recommendation is **ADOPTED in its entirety** for the reasons set forth therein; and the Court further

**ORDERS** that Defendants' motion to dismiss (Dkt. No. 33) is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's complaint is **DISMISSED without prejudice**; and the Court further

**ORDERS** that the Clerk of the Court shall close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: February 6, 2014
      Albany, New York

Mae A. D'Agostino
U.S. District Judge